IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TIMOTHY J. JONES,

                Plaintiff

    VS.

SYLVIA H. HOGG, Clerk,

                Defendant

NO.  5: 04-CV-31 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

Defendant SYLVIA H. HOGG has filed a MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT. Tab #37.  The court is treating said motion as one seeking summary judgment.  Tab #40.  After being advised of his right to do so (Tab #40), the plaintiff submitted a response to defendant's motion.  Tab #58.

The portion of the defendant's motion dealing with dismissal centers around plaintiff's lack of standing due to the fact that the plaintiff cannot prove an injury.  "The Supreme Court has identified three constitutional requirements for standing, all of which must be satisfied: (1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Granite State Outdoor Advertising, Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003).

The plaintiff contends that as a result of defendant HOGG's delinquency in preparing the plaintiff's habeas corpus transcript, the Georgia Supreme Court could not effectively review the plaintiff's Certificate of Probable Cause to Appeal.  The Georgia Supreme Court, however, denied the plaintiff's appeal with no mention of his transcript being delayed or incomplete.[1]

---

[1] The Court's Remittitur held, in its entirety: "Upon consideration of the Application for Probable Cause to Appeal the denial of Habeas Corpus it is ordered that it hereby be denied."

The plaintiff's response to the defendant's motion does not address the "standing" issue but rather focuses on his previous motion for entry of default judgment in his favor (Tabs #44 and #46) which was denied on April 18, 2006. Tab #54. Since any alleged delay caused by the plaintiff with respect to the defendant's habeas transcript's being brought before the Georgia Supreme Court did not bring about any harm to the plaintiff, the plaintiff has no injury in fact and therefore has no standing to bring suit.[2]

Accordingly the defendant's MOTION TO FOR SUMMARY JUDGMENT (Tab #37) is GRANTED.

SO ORDERED, this 30th day of JUNE, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] It is clear from the affidavit of current Clerk of Court Juanita Laidler and the attachments thereto that pertinent documentation from his state habeas corpus hearing was provided to the Georgia Supreme Court well in advance of its issuing its remittitur.